978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger Dean MOSBY, Petitioner-Appellant,
v.
Carol P. GETTY, et al., Respondent-Appellee.
 No. 89-55649.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 6, 1992.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mosby appeals the district court's denial of his 28 U.S.C. § 2254 petition. He claims that he was improperly denied the right to appear before the Arkansas State Parole Board, and that he was prejudiced through a transfer to a different place of incarceration during the pendency of his petition.
 
 
 3
 "[A] State has great discretion in setting policies governing parole decisions, but it must nonetheless make those decisions in accord with the Due Process Clause." Evitts v. Lucey, 469 U.S. 387, 401 (1985). Under the Arkansas scheme challenged here, a prisoner who is incarcerated out of state, and who therefore may not appear at his Arkansas Parole Board hearing, is given the right to a hearing held by the United States Parole Commission, which submits its findings and conclusions to the Arkansas Board. Ark.Code Ann. § 16-93-205 (1987). This scheme comports with the requirements of due process. Mosby's refusal to appear at the courtesy hearing offered by the United States Parole Commission at Arkansas's request amounts to a waiver of his right to a hearing.
 
 
 4
 Appellant also alleges that his transfer during the pendency of his petition interfered with his ability to respond to the Magistrates Report and Recommendation. However, Mosby "has no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Moreover, his claim that he was deprived a right to respond to the magistrate's report is belied by the fact that he filed a motion for reconsideration on April 27, 1989. A.E.R. at 91.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3